IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Andre Letrale Hill, #185064, ) | C/A NO. 6:11-3406-CMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Sgt. John Wiggins, Shirley A. Singleton, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 17, 2012, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on October 3, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

1

U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report. Therefore, the Report is adopted by reference in this Order.

Plaintiff contends that the restoration of his good time credit was not sufficient "to cure the actual injury suffer[]ed nor the psychological and emotional distress that came from an unlawful confinement . . . ." Obj. at 2 (ECF No. 51). However, as noted in the Report, prison records reflect that Plaintiff's dental problems predated Plaintiff's placement in the Administrative Segregation Unit (ASU). Additionally, there is no evidence that Plaintiff's two bouts with a seemingly minor skin rash were caused by the complained-of conditions of confinement. Finally, there is an absence of evidence that Defendants were somehow deliberately indifferent to Plaintiff's serious medical needs.[1]

The remainder of Plaintiff's objections are conclusory assertions that his constitutional rights were violated, that he is entitled to compensation, and there are numerous cases which support his "arguments [ ] that he is entitled to compensation." Obj. at 2 (ECF No. 51). However, the cases

---

[1] It is well-settled that in order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Additionally, to state a § 1983 claim, Plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, (1976). Further, vicarious liability theories such as respondeat superior are not available in § 1983 actions. *Vinnedge*, 550 F.3d at 928.

Even assuming, *arguendo*, that Defendants' actions resulting in Plaintiff's placement in the ASU somehow violated the Fourteenth Amendment, Plaintiff provides no evidence that Defendants were directly or indirectly responsible for the alleged conditions which Plaintiff contends he encountered in the ASU, nor that Defendants were somehow responsible for Plaintiff's dental and/or medical care. Accordingly, for this additional reason, Defendants are entitled to summary judgment.

2

cited by Plaintiff are not applicable to the facts of this case, and therefore are of no assistance to Plaintiff's case.

Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 9, 2012